David R. Owen (DO-1510)
Hillel Deutsch (HD-9401)
Jasand Mock (JM-1634)
Cahill Gordon & Reindel, LLP
80 Pine Street
New York, New York 10005
(212) 701-3000

Attorneys for Petitioner

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In the Matter of Tehila Chaia Sara Naor and     :
Tomer Naor, children under the age of 16        :
                                                :
                                                :
YEHUDA NAOR,                                    :    07-CV-3639 (J.R.)
                                                :
                    Petitioner,                 :    ECF CASE
                                                :
        v.                                      :
                                                :
                                                :
NANCY ELIZABETH SCHERER,                        :
                                                :
                    Respondent.                 :
------------------------------------------------------------x

_____

**PETITION FOR RETURN OF
<u>CHILDREN TO ISRAEL UNDER THE HAGUE CONVENTION</u>**

The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on October 25, 1980
International Child Abduction Remedies Act, 42 U.S.C. 11601, *et seq.*

## <u>PREAMBLE</u>

1.      This petition is brought pursuant to the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 (the "Convention"), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11603(b). The Convention came into effect in the United States on July 1, 1988.

2. For the convenience of the Court, copies of the Convention and ICARA are annexed hereto as Exhibits A and B, respectively.

3. The objects of the Convention are:

Article 1(a): to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

Article 1(b): to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 42 U.S.C. § 11603(a).

5. Respondent and the children currently reside with Respondent's parents at 180 Pennsylvania Avenue in Mount Vernon, Westchester County, New York, within the Southern District of New York.

6. An order to show cause is appropriate to implement Article 2 of the Convention which obliges Contracting States to "use the most expeditious procedures available," and Article 11 of the Convention which states that the judicial authorities of Contracting States "shall act expeditiously in proceedings for the return of children." No previous application for similar relief has been made. *See* Affidavit of David R. Owen, attached hereto as Exhibit C.

7. A decision by this Court is not a determination of the custody of the children, but only a determination of whether to return the children to their habitual residence of Israel. If a decision regarding the custody of the children is eventually required, it is a matter appropriately before the courts of Israel to be determined in accordance with Israeli law. In such an event, Article 19 of the Convention provides that this Court's "decision under this Convention concerning the return of the child shall not be taken to be determination on the merits of any custody issue."

## STATUS OF PETITIONER AND CHILD

8.      The Petitioner, Yehuda Naor, and Respondent, Nancy Elizabeth Scherer, are the parents of Tehila and Tomer Naor. They were married in Tarrytown, New York on July 25, 2002 and remain legally married. Tehila was born in Israel on May 7, 2003 and is now three years old. Tomer was born in Israel on February 7, 2006 and is now one year old. Tehila and Tomer are citizens of Israel and the United States.

9.      The Convention applies when a child under the age of sixteen is removed or retained from her habitual residence in breach of the custodial rights of a parent who was exercising such rights at the time of the wrongful removal or retention.

10.     Petitioner has a right of custody of the children, Tehila and Tomer Naor, within the meaning of Articles Three and Five of the Convention in that he is the children's natural father and a custodial parent under the laws of Israel.

11.     Prior to Tehila and Tomer's wrongful retention in the United States by Respondent, Petitioner was exercising custody within the meaning of Articles Three and Five of the Convention and under the relevant Israeli custody statute, <u>Capacity and Guardianship Law</u> 5722-1962, 14 and 15 S.H. 380, which affords both Petitioner and Respondent the joint right, *inter alia*, to determine the child's place of residence. A copy of the law is attached hereto as Exhibit D.

12.     Petitioner, Respondent, and the children are citizens and habitual residents of Israel.

13.     Tehila will be sixteen on May 7, 2019, more than twelve years from now. Tomer will be sixteen on February 7, 2022, more than fourteen years from now.

14. Petitioner has requested Tehila and Tomer's return to Israel pursuant to his Request for Return, a copy of which is attached hereto as Exhibit E. The Request for Return has been filed with the United States Department of State, which acts as the Central Authority for the United States, and the National Center for Missing and Exploited Children.

15. Petitioner's Request for Return was completed on January 23, 2007, and the undersigned counsel were contacted by the National Center for Missing & Exploited Children on April 11, 2007 and undertook to represent Petitioner in connection with this petition.

16. As discussed more fully in Petitioner's Declaration in Support of this Petition for Return of Children to Israel Under the Hague Convention ("Petitioner's Declaration"), attached hereto as Exhibit F, Tehila and Tomer were born in Afula, Israel on May 7, 2003 and Netanya, Israel on February 7, 2006, respectively, as the children of Petitioner Yehuda Naor and his wife Respondent Nancy Scherer. *See* Declaration Establishing Habitual Residence of the Child, attached hereto as Exhibit G.

17. Tehila and Tomer resided with their parents in Israel until approximately May 23, 2006, at which time the Respondent traveled from Israel to New York with the children to continue her studies as part of a temporary period away from her teaching at the American International School ("AIS") in Israel with which she continues to be associated.

18. Respondent's trip to New York with the children was made with the consent of both parents and an expected return to Israel in September 2006, as reflected in the scheduled September 20, 2006 return reservation on Respondent's round-trip ticket; attached hereto as Exhibit H.

19. Respondent and the children currently reside with Respondent's parents at 180 Pennsylvania Avenue in Mount Vernon, New York.

20. Petitioner, his wife and the children continue to have Israeli passports, and remain citizens of Israel. Respondent, Tehila and Tomer have both American and Israeli citizenship, although the children do not presently have US passports.

21. At all times between 2003 and May 2006, Tehila, Tomer, Petitioner and his wife maintained their habitual residence exclusively in Israel.

22. As noted above, the first return trip to Israel was scheduled for September 20, 2006. However, Respondent did not return to Israel with the children as planned, and allowed the return tickets to expire.

23. Although the children traveled to the United States for a temporary visit by the consent of both parents, beginning from at least September 2006, Respondent wrongfully retained Tehila and Tomer, refusing to return them to Israel. This wrongful refusal to return the children to their habitual residence violated Petitioner's custodial rights under Israeli law. Respondent continues to thwart Petitioner's custodial rights under Israeli law, and the children remain in New York.

24. Following Respondent's refusal to return the children to Israel, Petitioner flew to New York in late September of 2006 to visit the children and ask Respondent to allow him to take them back with him. Respondent refused, but promised to return to Israel shortly and complete her degree from there. Petitioner left New York believing that Respondent and the children would soon follow.

25. Respondent has never returned to Israel and has refused to allow Petitioner to exercise his custodial rights under Israeli law.

26. In late November 2006, Petitioner filed a formal complaint with the Israeli authorities, seeking a return of his children to Israel.

## **WRONGFUL RETENTION OF THE CHILD BY RESPONDENT**

27. Petitioner and Respondent are legally married and both have custodial rights of Tehila and Tomer under Israeli law. There are no custody proceedings currently pending in Israel.

28. Respondent illegally holds Tehila and Tomer in her custody, confinement and restraint in the United States. Respondent has wrongfully refused to permit Tehila and Tomer to return to Israel.

29. Petitioner does not consent to or acquiesce in Tehila and Tomer's retention in the United States, and has not so consented or acquiesced since at least September of 2006.

30. Petitioner believes that Tehila and Tomer will be further illegally held in custody, confinement and restraint and will suffer other irreparable harm unless an Order to Show Cause is issued.

31. Since Respondent's refusal to return with the children in September of last year, Petitioner has attempted, on numerous occasions over the last eight months, to obtain a commitment from Respondent to return to Israel with the children on a specified date. Petitioner has also attempted with Respondent to reduce an agreement to writing, based upon Respondent's verbal assurances to return. However, Respondent has not returned to Israel, and has resisted any clear or written commitment to return on any specific date.

32. Through counsel, Respondent has also asserted a unilateral right to stay in the United States until she has completed her studies, at which unspecified time she reportedly intends to return to Israel to continue her teaching at the American International School in Israel.

33. Petitioner maintains a hope that an enforceable agreement regarding a schedule for return can be reached with respondent. However, given the impending passage of one year since her departure from Israel, and the significance of that period of time under the provisions of the Hague convention, it is necessary to preserve Petitioner's rights under Israeli and International law by filing this Petition for Return.

## PROVISIONAL REMEDIES REQUESTED

34. This Court "[i]n furtherance of the objectives of . . . the Convention . . . may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a).

35. Pending further hearing in this Court, Petitioner requests that the Court issue an Order, ex parte, prohibiting Tehila and Tomer's removal from the jurisdiction of this Court and setting an expedited hearing on the Petition for Return of Children to Israel under the Hague Convention.

## RELIEF REQUESTED

36. Petitioner respectfully requests the following relief:

A. An Order directing the prompt return of Tehila and Tomer Naor to their habitual residence of Israel.

B. The issuance of an ex parte Order prohibiting Tehila and Tomer's removal from the jurisdiction of the Court pending the outcome of the Petition for Return of Child to Israel Under the Hague Convention.

C. An Order directing Respondent to show cause why Tehila and Tomer have been kept from Petitioner.

  D. An Order staying any other proceedings in any Court in the State of New York or any other State or territory of the United States concerning the custody of Tehila and Tomer, as required by Article 16 of the Convention;

  E. An Order directing Respondent to pay the Petitioner's costs and fees; and

  F. Any such further relief as justice and its cause may require.

## NOTICE OF HEARING

37. Pursuant to 42 U.S.C. § 11603(c), Respondent shall be given notice in accordance with the applicable law governing notice in interstate custody proceedings.

## ATTORNEY'S FEES AND COSTS

(CONVENTION ARTICLE 26 AND/OR 42 U.S.C. § 11607)

38. Petitioner will submit a copy of all expenditures to date incurred by the Petitioner as a result of the wrongful retention of Tehila and Tomer by the Respondent.

39. Petitioner will amend this list from time to time to include further expenditures required because of this wrongful retention of Tehila and Tomer.

40.     Petitioner requests that this court award all costs and fees incurred to date as required by 42 U.S.C. § 11607, reserving jurisdiction over further expenses.

Dated: _____, 2007

                                          CAHILL GORDON & REINDEL LLP

                                          By:_____
                                              David R. Owen (DO-1510)
                                              Hillel Deutsch (HD-9401)
                                              Jasand P. Mock (JM-1634)

                                          80 Pine Street
                                          New York, NY 10005
                                          (212) 701-3000
                                          Attorneys for Petitioner